UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| FRED REEVES #241575, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07-cv-71 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| M. SCHETTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Corrections Officer M. Schetter, Warden Gerald Hofbauer, and MDOC Director Patricia Caruso. The Court will serve the complaint against Defendant Schetter.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Marquette Branch Prison (MBP).  Plaintiff

originally filed this complaint in 2004.  *See Reeves v. Schetter, et al.*, 2:04-cv-262 (W.D. Mich. Dec.

17, 2004).  That case was dismissed without prejudice for failure to exhaust administrative remedies

Plaintiff has now refiled this complaint.  In his *pro se* complaint, he sues M. Schetter, Warden Gerald

Hofbauer, and MDOC Director Patricia Caruso.  Plaintiff states that Defendant Schetter overheard

him offer to help another prisoner in filing a lawsuit against Defendant Schetter on October 15, 2004.

On October 16, 2004, Defendant Schetter took Plaintiff's food tray and stated that Plaintiff would

never eat again when Defendant Schetter was working.  Defendant Schetter also told Plaintiff that

he would step on his neck and throw his legal work away.  On October 17, 2004, Defendant Schetter

took Plaintiff's tray and told him that he was fat and needed to lose weight.  Plaintiff explained that

he could not take his medications without food and Defendant Schetter stated that he did not "give

a damn."

On October 20, 2004, Defendant Schetter stopped at Plaintiff's cell with food trays

and told Plaintiff to be a "good little doggie" and that he might let Plaintiff eat the next day.

Consequently, Plaintiff could not take his medications, suffered from distress, and had to take his

nitro.  The nurse finally gave Plaintiff some milk of magnesia so that he could take his medications.

On October 23, 2004, Defendant Schetter came to Plaintiff's cell and dumped his tray on the floor,

telling Plaintiff to "eat dog."  On October 25, 2004, Defendant Schetter refused to allow Plaintiff to

shower, falsely stating that Plaintiff had spit on him.  However, no misconduct ticket was written.

Defendant Schetter then came to Plaintiff's cell and ripped up his mail, threw it in his cell, and

refused to feed Plaintiff.  Defendant Schetter also took Plaintiff's food trays on October 30 and

- 2 -

October 31 of 2004.  Plaintiff claims that Defendants Hofbauer and Caruso were both informed of Defendant Schetter's wrongdoing, but failed to resolve the problem.  For relief, Plaintiff requests compensatory and punitive damages.

II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Case 2:07-cv-00071-GJQ-TPG  ECF No. 11 filed 12/13/07  PageID.101  Page 4 of 6

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Hofbauer and Caruso were personally involved in the activity which forms the basis of his claim. Accordingly, the Court concludes that Plaintiff's claims against Defendants Hofbauer and Caruso are properly dismissed for lack of personal involvement.

- 4 -

III.   <u>Motion for temporary restraining order and preliminary injunction</u>

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction (docket #9), in which he asserts that Defendant Schetter began working in Plaintiff's unit on November 6, 2007, and that he shut him in his cell door and has threatened him with physical harm. Plaintiff suffers from asthma and heart problems and has had to increase use of his nitro pills and asthma inhaler due to stress over Defendant Schetter's conduct.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.   Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.   Whether the movant has shown irreparable injury.

3.   Whether the preliminary injunction could harm third parties.

4.   Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Plaintiff claims that Defendant Schetter has been harassing him since 2004 and that he shut the door on him on one occasion. Plaintiff does not indicate that he suffered any physical injuries, other than increased stress and the need to use his medications more frequently. Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, the court concludes that Plaintiff's motion for a temporary restraining order and preliminary injunction is properly denied.

## <u>Conclusion</u>

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Hofbauer and Caruso will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Schetter.

An Order consistent with this Opinion will be entered.


Dated:   December 13, 2007          s/s Gordon J. Quist
                                    Gordon J. Quist
                                    United States District Judge

- 6 -