UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRED REEVES,

       Plaintiff,

v.                                Case No. 2:07-cv-71
                                       HON. GORDON J. QUIST

M. SCHETTER, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Fred Reeves, presently confined at Marquette Branch Prison, filed this prisoner 42 U.S.C. § 1983 action against Corrections Officer M. Schetter, Warden Gerald Hofbauer and MDOC Director Patricia Caruso.  Plaintiff originally filed this complaint in 2004.  *See Reeves v. Schetter, et al.*, 2:04-cv-262 (W.D. Mich. Dec. 17, 2004).   That case was dismissed without prejudice for failure to exhaust administrative remedies.  Plaintiff has refiled his complaint, asserting that he completed the grievance process appealing his Step I grievances that he originally filed at Step III.

Defendants Hofbauer and Caruso were previously dismissed from this action. Plaintiff states that on October 15, 2004, Defendant Schetter overheard him offer assistance to another prisoner who was filing a lawsuit against Defendant Schetter.  On October 16, 2004, Defendant Schetter took Plaintiff's food tray and stated that Plaintiff would never eat again when Defendant Schetter was working.  Defendant Schetter also told Plaintiff that he would step on his neck and throw his legal work away.  On October 17, 2004, Defendant Schetter took Plaintiff's food

tray and told him that he was fat and needed to lose weight.  Plaintiff explained that he could not take his medications without food and Defendant Schetter stated that he did not "give a damn."

On October 20, 2004, Defendant Schetter stopped at Plaintiff's cell with food trays and told Plaintiff to be a "good little doggie" and that he might let Plaintiff eat the next day. Consequently, Plaintiff could not take his medications, which caused him to suffer distress, and Plaintiff had to take a nitroglycerin pill.  The nurse finally gave Plaintiff some milk of magnesia so that he could take his medications.  On October 23, 2004, Defendant Schetter came to Plaintiff's cell, dumped Plaintiff's tray on the floor, and said "eat dog."  On October 25, 2004, Defendant Schetter refused to allow Plaintiff to shower, falsely stating that Plaintiff had spit on him.  However, no misconduct ticket was written.  Defendant Schetter then came to Plaintiff's cell, ripped up Plaintiff's mail and threw it in his cell, and refused to feed Plaintiff.  Defendant Schetter also took Plaintiff's food trays on October 30 and October 31, 2004.

Defendant Schetter has filed a motion for summary judgment.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as

true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375,

382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position

will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether

there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.

*See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence

of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas*

*& Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind

created factual issue).

       Defendant argues that Plaintiff only exhausted one claim against him.  Defendant

states that the claim that Defendant denied Plaintiff a shower on October 25, 2004, was exhausted.

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which

Defendants have the burden to plead and prove.  *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007).  A

moving party without the burden of proof needs only show that the opponent cannot sustain his

burden at trial.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see*

*also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with the burden of

proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002);

*Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party

has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his

showing must be sufficient for the court to hold that no reasonable trier of fact could find other than

for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W.

SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material*

*Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit

repeatedly has emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

Defendant concedes that the October 25, 2004, shower incident was properly grieved. Defendant claims that the incident involving the nitroglycerin pill was not properly grieved. In support of the exhaustion argument, Defendant attaches a third step grievance form. However, this form does not clearly indicate that the issue was not grieved. In fact, the third step grievance that Defendant attached to this motion indicates that "[t]his issue was addressed in three previous grievances." Defendant has submitted a printout of Plaintiff's grievance filings. However, based

upon the documents submitted by Plaintiff, it appears that the grievance inquiry printout is incomplete. Relevant grievances that have written responses are not listed on the grievance inquiry. Defendant has made no attempt to explain why the relevant grievances identified in Plaintiff's response do not appear in the grievance inquiry. Further, Plaintiff asserts that his third step grievance responses were removed from his possession by prison officials. In the opinion of the undersigned, Defendant has failed in his burden of showing that Plaintiff did not exhaust the issues presented in this case.

Defendant argues that Plaintiff's retaliation claims should be dismissed on the merits. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Defendant concedes that Plaintiff engaged in protected conduct by filing grievances. Plaintiff alleges that Defendant wrote a false misconduct ticket on October 15, 2004, and took Plaintiff's food trays on October 16, October 17 and October 31, 2004. Plaintiff alleges that Defendant refused to give Plaintiff food and told Plaintiff to be a good little doggie on October 20, 2004. As a result, Plaintiff had to get milk of magnesia from the nurse to take his medications. Defendant allegedly dumped Plaintiff's food tray on the floor on October 23, 2004, denied Plaintiff a shower on October 25, 2004,

and claimed that Plaintiff spit on him.  Plaintiff claims that Defendant dumped Plaintiff's nitroglycerin pills into the toilet on October 29, 2004, and refused to feed Plaintiff on October 30, 2004.

Defendant argues that (1) he was not involved in the alleged adverse conduct, (2) there was no adverse conduct, or (3) there exists no causal connection between the adverse conduct and Plaintiff's grievance filings.  Defendant wrote Plaintiff a major misconduct for threatening behavior on October 15, 2004.  Plaintiff had a hearing and was found guilty of the major misconduct. There exists no evidence that the ticket was issued as a retaliatory act.  Defendant has shown that Plaintiff refused to take his meal trays on multiple occasions and specifically refused to take his meal tray from Defendant stating that it would be stupid of him to take a meal tray from Defendant after Plaintiff had spit on Defendant.  Defendant did issue a misconduct ticket on October 29, 2004, for assault and battery after Plaintiff spit on him.  The incident did not occur on October 16, 2004. Plaintiff was found guilty of this incident after a hearing.  In the opinion of the undersigned, there exists no evidence that the misconduct ticket was issued in retaliation for a grievance filing. Defendant denies taking or destroying Plaintiff's nitroglycerin pills.  Moreover, the evidence shows that Plaintiff was able to get additional nitroglycerin pills when requested from health care staff.  In the opinion of the undersigned, Plaintiff has failed to overcome Defendant's motion for summary judgment and show that Defendant's actions were motivated by retaliation for Plaintiff's grievance filings.

Defendant moves for qualified immunity.  Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v.*

*Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow*

*v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine

whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at

1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

        The procedure for evaluating claims of qualified immunity is tripartite: First, we

determine whether a constitutional violation occurred; second, we determine whether the right that

was violated was a clearly established right of which a reasonable person would have known;

finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations

by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable

in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th

Cir. 1999).

        When determining whether a right is clearly established, this court must look first to

decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other

courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An

official action is not necessarily protected by qualified immunity merely because the very action in

question has not previously been held to be unlawful. Rather, in light of pre-existing law, the

unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City*

*of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

        When making a qualified immunity analysis, the facts must be interpreted in the light

most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely

disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there

is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This

would be true notwithstanding that the trial judge found the [defendant] officer to be more credible

than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir.

- 8 -

1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). In opinion of the undersigned, Plaintiff has failed to establish that Defendant violated any clearly established law which infringed Plaintiff's rights.

Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #24) be granted and this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the Plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE


Dated:  February 11, 2009