UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRED REEVES #241575

    Plaintiff,

v.                                                                               Case No. 2:07-CV-71

MICHAEL SCHETTER, *et al.*                                    HON. GORDON J. QUIST

    Defendants.
    _____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Fred Reeves, an inmate at the Marquette Branch Prison (MBP), filed suit pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Michael Schetter (Defendant), Warden Gerald Hofbauer, and MDOC Director Patricia Caruso. Hofbauer and Caruso have already been dismissed from this action. Plaintiff alleges Defendant retaliated against him repeatedly after Schetter overheard Plaintiff offer his assistance to a fellow prisoner who was filing suit against Schetter. Plaintiff claims Schetter took his food tray on October 16, 2004, and told him he would never eat again while Schetter worked at MBP. He also claims Defendant threatened to step on Plaintiff's neck and throw his legal work away. Plaintiff claims that on October 17, 2004, Schetter took his food tray and told him he was fat and needed to lose weight. Plaintiff allegedly responded that he could not take his medication without food and claims Defendant told him he did not "give a damn." On October 20, 2004, Plaintiff claims Defendant brought his food tray to Plaintiff's cell and told him that if he would be a "good little doggie," he would let Plaintiff eat tomorrow. Plaintiff claims he could not take his medication that day because he was denied food, and that as a result he became distressed and had to take

nitroglycerin.  A nurse brought Plaintiff milk of magnesia so he could take his medicine.  On the 23rd, Defendant allegedly came to Plaintiff's cell, threw his food tray on the floor, and said "eat dog."  Two days later Defendant allegedly refused to let Plaintiff shower and falsely accused Plaintiff of spitting on him.  Plaintiff claims Defendant then came to his cell, ripped up his mail, threw it in his cell, and refused to give him his food.  Plaintiff alleges that Defendant also took his food tray on October 30 and 31, 2004.

Defendant Schetter filed a Motion for Summary Judgment. (Docket no. 24.)  On February 11, 2009, the Magistrate Judge filed a Report and Recommendation, (docket no. 47), recommending that Defendant's Motion for Summary Judgment be granted and the complaint dismissed.  The Report and Recommendation also recommends that the Court find no good-faith basis for appeal.  Plaintiff requested an extension of the time to file objections to the Report and Recommendation, which the Magistrate Judge granted.  Plaintiff timely objected.  The Court has completed the de novo review required by Fed. R. Civ. P. 72(b), approves the Report and Recommendation, and adopts it as its Opinion.

Plaintiff objects to the Magistrate Judge's recommendation that this Court grant Defendant summary judgment because he is qualifiedly immune.  The Magistrate Judge based this recommendation on his conclusion that Plaintiff has not demonstrated that Defendant violated his clearly established rights.  To establish a retaliation claim, Plaintiff must establish that he took protected action, that an adverse action which would deter one of ordinary firmness from engaging in the protected conduct was taken against him, and that the adverse action was motivated, in part, by the protected conduct.  Plaintiff claims Defendant's alleged conduct was motivated by the desire to retaliate against Plaintiff for his protected

conduct, but he has not offered any evidence to support this conclusion. Defendant denied Plaintiff's accusations, though he admits he prevented Plaintiff from showering. He offered evidence that Plaintiff refused his food on numerous occasions.

The basis for Plaintiff's objection is that summary judgment is inappropriate if Plaintiff can prove any set of facts that would establish his claim. Plaintiff proposes a variety of circumstances which might enable him to establish that Defendant's alleged behavior was motivated by Plaintiff's protected conduct. He suggests he might be able to show that inmates regularly threaten guards without consequence, or that he had threatened Defendant in the past but Defendant did not pursue disciplinary action until Plaintiff filed a grievance against him. Unfortunately for Plaintiff, to survive summary judgment he cannot merely speculate that he may be able to offer some evidence in the future. He must offer "more than a scintilla" of that evidence *now*. He hasn't. Consequently, Plaintiff has not demonstrated that Defendant violated his clearly established rights. Defendant thus has qualified immunity.

For the aforementioned reasons, the Magistrate Judge's Report and Recommendation (docket no. 47) recommending that Defendant's Motion for Summary Judgment (docket no. 24) be **GRANTED** is **APPROVED AND ADOPTED** as the Opinion of this Court. Furthermore, the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 47) is **APPROVED AND ADOPTED** as the **OPINION** of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.

This case is **concluded**.


Dated:  March 30, 2009                                          /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE